# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| REC ROOM INC, <br><br> Plaintiff(s), <br><br> v. <br><br> M.Z., <br><br> Defendant(s). | CASE NO. 2:23−cv−01586−KKE <br><br> ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT |

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 3/29/2024 |
| Initial Disclosures[1] Pursuant to FRCP 26(a)(1): | 4/12/2024 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 4/19/2024 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of Federal

---

[1] Initial Disclosures are <u>not</u> to be filed.

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

Rules of Civil Procedure ("FRCP") 26(a) and 26(f), please notify Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov.

## II. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the beginning of the case, and a copy is delivered by the clerk to counsel for plaintiff (or Plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or Plaintiff, if pro se) must serve copies of this Order on all parties who appear after this Order is filed. Service must occur within 10 days after each appearance. Plaintiff's counsel (or Plaintiff, if pro se), is responsible for starting the communications needed to comply with this Order.

## III. PROCEDURAL INFORMATION

All counsel and unrepresented parties must review and abide by the applicable Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at https://www.wawd.uscourts.gov. Failure to follow the Local Rules and General Orders may result in sanctions.

## IV. CHAMBERS PROCEDURES

A. *Communications With Chambers*

Parties should direct initial inquiries they have to courtroom deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under LCR 7(b)(5) or settlement are strongly discouraged. For any other types of inquiries, all parties must be be copied on the email when communicating with the courtroom deputy.

B. *Courtesy Copies*

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court request. If a party believes that courtesy copies may be helpful, such as for complex

graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be the version of the document with the header generated by CM/ECF, as this header includes important information (*i.e.*, case number, document number, page number, date filed, etc.). Courtesy copies shall be printed double−sided. Courtesy copies should be three−hole punched, tabbed, and placed in a binder or otherwise bound.

C.   *Cross−Motions*

The Court encourages parties filing cross−motions to agree to an alternate briefing schedule allowing for four briefs (one cross−motion, second cross−motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross−motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

D.   In Camera *Review*

If the Court orders a party to submit documents for *in camera* review, the party shall email an electronic copy of the documents to courtroom deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The party shall also deliver a physical copy of the documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

E.   *Stipulated Extensions of Deadlines*

Please note the Court requires approximately 120 days between the deadline for filing dispositive motions and the trial date. Stipulated motions proposing a case schedule that does not comply with this requirement will be denied.

## V. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by April 19,

2024. This conference shall be by direct and personal communication, whether that be an in–person or virtual face–to–face meeting or a telephonic conference. Conferring by email is not sufficient. The Report will be used to set a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

    1. A statement of the nature and complexity of the case.

    2. A proposed deadline for joining additional parties.

    3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at https://www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

    4. For class action cases only: A proposed deadline for filing a Motion for Class Certification. The parties shall propose an agreed–upon briefing schedule for the class certification motion. Non–class action cases shall simply state "N/A."

    5. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3), which includes the following topics:

        (A) initial disclosures;

        (B) subjects, timing, and potential phasing of discovery;

    (C) electronically stored information;

    (D) privilege issues;

    (E) proposed limitations on discovery; and

    (F) the need for any discovery related orders.

  6. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI; and

    (J) alternatives to Model Protocol. The Court expects the parties to work cooperatively on ESI search terms and protocols and to disclose to each other the search terms and protocols used in responding to discovery.

  7. For patent cases only: The case name, case number, and court or other tribunal for any pending or prior action challenging the patent(s) at issue in the case.

  8. The date by which discovery can be completed.

  9. Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.

  10. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for

the sake of economy.

    11.   Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

    12.   Any other suggestions for shortening or simplifying the case.

    13.   The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

    14.   Whether the trial will be jury or non−jury.

    15.   The number of trial days required.

    16.   The names, addresses, and telephone numbers of all trial counsel.

    17.   The dates on which trial counsel may have complications to be considered in setting a trial date.

    18.   If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

    19.   Whether any party wishes a conference with the Court before the entry of any order pursuant to Rule 16 or setting of a schedule for this case.

    20.   The date(s) that each nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

    21.   A certification that all counsel and any pro se parties have reviewed the Civil Rules, the Local Rules, and the applicable Electronic Filing Procedures.

    22.   A certification that all counsel and any pro se parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

    If the parties are unable to agree on any part of the Report, they may answer in

separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov.

## VI. PROCEDURE FOR DISCOVERY DISPUTES

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, prior to the filing of any discovery motions, the Court directs the parties to request a conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). The movant must submit a joint statement to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages and shall be filed via CM/ECF. Thereafter, the movant should contact Diyana Staples at Diyana_Staples@wawd.uscourts.gov to schedule a conference.

## VII. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated this 12th day of February 2024.

*[signature]*

Honorable Kymberly K. Evanson
United States District Judge