1

2

3

4

5

6

7

8

9

HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

REC ROOM, INC.,

          Plaintiff,

     v.

M.Z,

          Defendants.

Case No. 2:23-cv-01586-KKE

PLAINTIFF REC ROOM, INC.'S
RESPONSE TO ORDER TO SHOW
CAUSE

16

### I. <u>INTRODUCTION</u>

17

18

19

20

21

22

23

24

25

26

On April 1, 2024, this Court issued an Order to Show Cause directing Rec Room to "explain under what authority M.Z. has the capacity to be sued consistent with Federal Rule of Civil Procedure 17(b)(1) and whether the Court must appoint a guardian *ad litem* under Federal Rule of Civil Procedure 17(c)(2)." Dkt. No. 20. As set out in greater detail below, M.Z. has the capacity to be sued under Fed. R. Civ. P. 17(b)(1) because the law of his domicile, British Columbia, permits minors to be sued when they commit actionable wrongs. The Court need not appoint a guardian *ad litem* at this time, because Defendant's mother has the capacity to defend on his behalf.  Fed. R. Civ. P.  17(c)(1). The question of whether a guardian *ad litem* is needed,

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 1
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

moreover, may be rendered moot by the arrival of M.Z.'s eighteenth birthday, which should

occur soon.

## II. RELEVANT FACTS

The complaint was filed on October 17, 2023 [Dkt. No. 1] asserting causes of action

against M.Z., a British Columbia-domiciled minor, for breach of contract, fraudulent

inducement, copyright infringement, circumvention of technological protection measures, and

tortious interference with contractual relations. On October 28, 2023, summons and copy of the

complaint were served on M.Z. by personal service on his mother, Olga Plotnikova. Dkt. No. 15.

Plaintiff Rec Room's counsel had multiple discussions with Ms. Plotnikova regarding

this matter over the last six months, including discussions on both November 27, 2023 and

February 26, 2024. Schmeyer Dec. ¶ 2-3. On March 18, 2024, the Court received and docketed a

document from Ms. Plotnikova dated March 12, 2024, which Ms. Plotnikova represented

contained her "son's answer to this legal claim," and which Ms. Plotnikova asked be filed "as

court appearance." Dkt. No. 19.

On April 1, 2024, the Court issued an Order to Show Cause directing Rec Room to

"explain under what authority M.Z. has the capacity to be sued consistent with Federal Rule of

Civil Procedure 17(b)(1) and whether the Court must appoint a guardian *ad litem* under Federal

Rule of Civil Procedure 17(c)(2)." Dkt. No. 20.

A.   **M.Z. HAS THE CAPACITY TO BE SUED UNDER FED. R. CIV. P. 17(B)(1) BECAUSE HE HAS THE CAPACITY TO BE SUED UNDER BRITISH COLUMBIA LAW.**

Although M.Z. is a minor, he has the capacity to be sued. "Capacity to sue or be sued is

determined . . . for an individual who is not acting in a representative capacity, by the law of the

individual's domicile." Fed. R. Civ. P. 17(b)(1).  M.Z. is a domiciliary of British Columbia. *See*

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 2
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

Complaint, Dkt. No. 1 at ¶ 17. His capacity to be sued must therefore be determined under Canadian law, and specifically under British Columbia law.

British Columbia law permits minors to be sued when they commit actionable wrongs. McGowan Decl., at ¶ 2.[1] As is true in a number of other common law jurisdictions, minors are not excused from suit purely on the basis of their age, although they are in cases of tort judged based on what is reasonably expected from an individual of their age. Simply put, in British Columbia, a minor's age does not excuse them from being held accountable for the harms they cause when they are "old enough to know better." *See, e.g., Hatfield et al. v. Pearson et al.*, 1956 CanLII 307 (BC SC) *5, 1 DLR (2d) 745, 750 (included as Ex. 1 to McGowan Decl.). In this light, at least one Canadian appellate court has affirmed the conviction of a minor for criminal copyright infringement in a case where the minor ran a computer bulletin board that distributed infringing copies of computer software. *See R. v J.P.M.*, 1996 CanLII 8701 (NS CA) (included as Ex. 2 to McGowan Decl.).

Further confirmation of the capacity of minors to be sued under British Columbia law can be found in British Columbia's *Infants* Act.  McGowan Decl. Ex. 3. Section 48 of the Infants Act, which is discussed further below in response to the Court's inquiry regarding the appointment of a guardian *ad litem*, sets out the procedures to be used for service of process when a minor is served with process in a proceeding brought against them. Such procedures would not be necessary if minors lacked capacity to be sued.

---

[1] Mr. McGowan is a lawyer admitted to practice in Canada and his testimony as well as the Canadian and British Columbian materials attached to his declaration can be considered by the Court in determining the applicable law of British Columbia.  Fed. R. Civ. P. 44.1.

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 3
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1    M.Z. has capacity to be sued under British Columbia law, and therefore may be sued in

2    the United States pursuant to Fed. R. Civ. P. 17(b)(1).

3    **B.      THE COURT NEED NOT APPOINT A GUARDIAN *AD LITEM* BECAUSE**
     **M.Z.'S MOTHER MAY DEFEND ON HIS BEHALF, AND HAS STEPPED**
4    **FORWARD TO DO SO.**

5        The appointment of a guardian *ad litem* is "normally left to the sound discretion of the

6    trial court." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State*

7    *of Wash.*, 795 F.2d 796, 804 (9th Cir. 1986). The appointment of a guardian *ad litem* is required

8    when a minor or incompetent person is unrepresented in an action. Fed. R. Civ. P. 17(c). And

9    although the Court need not appoint a guardian *ad litem* if the Court determines that the person

10   in question is adequately represented, the Court is required "to take whatever measures it deems

11   proper to protect an incompetent person during litigation." *30.64 Acres of Land*, 795 F.2d at 804.

12       As applied here, although Rec Room does not oppose the appointment of a guardian *ad*

13   *litem*, it believes that the court is not required to do so because M.Z.'s mother – his general

14   guardian – may defend on his behalf. If the Court believes that the formal appointment of a

15   guardian *ad litem* is required here, the appointment of M.Z.'s mother, Olga Plotnikova, would be

16   both permissible and appropriate under both American and Canadian law. And, in any event, the

17   question may be rendered moot by the arrival of M.Z.'s 18th Birthday, which will occur soon.

18   Tewson Decl.  However, if the Court requires the appointment of an independent guardian *ad*

19   *litem* in this case, Rec Room will take whatever measures the court requires to that end.

20       The appointment of a guardian *ad litem* is not necessary at this juncture because M.Z.'s

21   mother has the capacity to defend the action on M.Z.'s behalf and has submitted an answer to the

22   complaint. "The court must appoint a guardian *ad litem* – or issue another appropriate order – to

23   protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P.

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 4
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

17(c)(2).  However, Rule 17 also provides that "a general guardian" "may sue *or defend* on behalf of a minor." Fed. R. Civ P. 17(c)(1)(A) (emphasis added).

Courts have declined on these grounds to appoint guardians *ad litem* in cases where no conflicts of interest are present and a parent is capable of protecting a minor's interests. *See, e.g. Principal Life Ins. Co. v. Est. of Diaz*, No. 1:23-CV-00261-CDB, 2023 WL 7284874, at *3-4 (E.D. Cal. Nov. 2, 2023) (collecting cases and denying plaintiff's motion to appoint defendant parent as guardian *ad litem* for her defendant children as moot on grounds that the appointment was unnecessary because the mother could represent her children's interests where there was no conflict of interest). And:

> "where the complaint or claim has been served on the parent of a minor, and there is no indication that the parent would not or could not represent the minor's interest, courts are not required to appoint a guardian *ad litem* to represent the minor even if the claim be lost by default."

*Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) (*citing In the Matter of Chicago, Rock Island and Pacific R. Co.*, 788 F.2d 1280 (7th Cir.1986). This is appropriate both because "a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child," and because "the Court may have a very limited ability to do so especially if the minors will not be made available to the guardian and/or reside out of state." *Id.* In such cases, Rule 17 allows the Court "to rely upon a fundamental assumption on which our society rests, that parents are concerned about the welfare of their children." *United States v. Noble*, 269 F. Supp. 814, 816 (E.D.N.Y. 1967) (appointing father who had already defaulted in action as guardian *ad litem* for defendant children, and ordering default if he did not consent to act as such).

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 5
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1

2   In this case, there is every reason to believe that Ms. Plotnikova can appropriately

3   represent her son. First, it is her legal duty under British Columbia law to do so. British

4   Columbia's *Infants* Act provides that the appropriate means of initiating a proceeding against a

5   minor is through service on "a guardian resident in British Columbia." McGowan Decl., Ex. 3 at

6   § 48(1). Ms. Plotnikova was personally served on October 27, 2023. Raiman Aff, Dkt. No. 15 at

7   1-3. Under the Infants Act, "from the time of service the person served is guardian, for the

8   proceeding, of the infant and must promptly attend to the infant's interests and do the things

9   necessary to protect the infant's interests." McGowan Decl., Ex.3 at § 48(2).

10          Second, Ms. Plotnikova is taking actions in this case. In addition to submitting an answer

11   to the complaint on M.Z.'s behalf, which indicates that she intends to defend the action, she has

12   also participated with plaintiffs in numerous discussions regarding potential settlement, as well

13   as in a Rule 26 meet and confer. Schmeyer Decl., ¶¶ 2-4.

14          Because Ms. Plotnikova is able to adequately represent her son's interests, the

15   appointment of a guardian *ad litem* is unnecessary. In the alternative, Ms. Plotnikova's

16   appointment as guardian *ad litem* would be also appropriate if the Court wishes to make a formal

17   appointment of a guardian *ad litem*. *Pickett v. Liberty Mut. Ins. Co.*, No. 2:20-CV-0426-TOR,

18   2021 WL 7543701, at *2 (E.D. Wash. Feb. 19, 2021).

19   **C.    M.Z.'S EIGHTEENTH BIRTHDAY IS OCCURRING SOON.**

20          Finally, Rec Room has uncovered additional information regarding M.Z.'s age that may

21   be relevant to the Court's determination here. Although Rec Room believed M.Z. to be

22   "approximately 16 years of age" at the time of filing of the complaint [Dkt. No.1 at ¶ 17], Rec

23   Room has conducted additional post-filing investigation. As detailed in the Declaration of

24

25

26

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 6
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

Kathryn Tewson ("Tewson Decl.") that accompanies this Response, it turns out that M.Z. will reach the age of 18 years old soon. Tewson Decl., ¶¶ 3-14.

Under British Columbia's Age of Majority Act, M.Z. will not attain the age of majority until he turns 19. McGowan Decl., Ex 4. It is not clear, however, that this would require that he be represented by either a general guardian or guardian *ad litem* until that time. "The Rule [17(b)] merely sets forth the basis for determining the capacity of a party to sue or be sued in his or her own name in the federal district courts." *Valedon Martinez v. Hosp. Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1134 (1st Cir. 1986). Here, as discussed *supra*, M.Z. has the capacity under the law of his domicile to be sued in his own name regardless of whether he has reached the age of majority. The question of whether there is a need for the appointment of a guardian *ad litem* is independent of capacity, and for the Court's determination. *See Donnelly v. Parker*, 486 F.2d 402, 407 (D.C. Cir. 1973) (the only effect of a party's incompetence upon maintenance of the action is the possible need for appointment of a guardian *ad litem* or entry of a protective order)

### III. CONCLUSION

M.Z. has the capacity to be sued under British Columbia law, which determines whether he can sue or be sued in his own name under Fed. R. Civ. P 17(b)(1). The Court need not appoint a guardian *ad litem* because his general guardian is capable of defending on his behalf, but may appoint either his mother or another individual as guardian *ad litem* at the Court's discretion.

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 7
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1      Respectfully submitted this 19th day April, 2024.

2                                    I certify that this pleading contains 2,038 words, in
3                                    compliance with the Local Civil Rules.

4                                    */s/ Brian W. Esler*
5                                    Brian W. Esler, WSBA No. 22168
                                     */s/ Lorien Giles*
6                                    Lorien Giles, WSBA No. 58995
                                     MILLER NASH LLP
7                                    605 5th Ave S, Ste 900
                                     Seattle, WA 98104
8                                    Tel:  (206) 624-8300
                                     Fax:  (206) 340-9599
9                                    Email:  brian.esler@millernash.com
                                              Lorien.giles@millernash.com
10
                                     Attorneys for Plaintiff Rec Room, Inc.
11

12                                   Akiva M. Cohen (pro hac vice admittance)
                                     Mike Dunford (pro hac vice admittance)
13                                   Dylan M. Schmeyer (pro hac vice admittance)
                                     Kamerman, Uncyk, Soniker & Klein, P.C.
14                                   1700 Broadway, 16th Floor New York, NY 10019
                                     719-930-5942
15                                   Email: acohen@kusklaw.com
                                             mdunford@kusklaw.com
16                                           dschmeyer@kusklaw.com

17                                   Attorneys for Rec Room, Inc.

18

19

20

21

22

23

24

25

26

PLAINTIFF REC ROOM, INC.'S RESPONSE TO ORDER
TO SHOW CAUSE - 8
(Case No. 2:23-cv-01586-KKE)
4870-7560-2359.4

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the attorneys of record for the

parties and to the following:

**Defendant M.Z.**
c/o Olga Plotnikova
Email: oplotnikova@gmail.com

(Per Jan. 25, 2024 agreement to accept email service)

DATED this 19th day of April, 2024.

/s/ Kristin Martinez Clark
Kristin Martinez Clark

CERTIFICATE OF SERVICE - 1
(Case No. 2:23-cv-01586-KKE)

4870-7560-2359.4