HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC ROOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> M.Z, <br><br> Defendants. | Case No. 2:23-cv-01586-KKE <br><br> MOTION TO SEAL SUPPORTING TEWSON DECLARATION <br><br> **NOTE ON MOTION CALENDAR: MAY 10, 2024** |

## I. OVERVIEW AND RELIEF REQUESTED

Pursuant to LCR 5(g)(3) and LCR 5.2, Plaintiff Rec Room, Inc. requests that the Court permanently seal the following materials: the Declaration of Kathryn Tewson accompanying the Rec Room's Response to the Order to Show Cause, which discloses the minor MZ's birthday, as well as the investigative paths that led to that information.

As set forth below, there are compelling reasons to grant this motion. The year, month, and date of M.Z.'s birth are relevant to the Court's Order to Show Cause. However, this information is protected from disclosure under LCR 5.2, and is ordinarily required to be filed in redacted format only. Because the precise date of birth is relevant here, the Court should permit the filing of Ms. Tewson's declaration under seal, as that document contains information that

MOTION TO SEAL SUPPORTING TEWSON
DECLARATION - 1
(Case No. 2:23-cv-01586-KKE)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2

would enable people to identify M.Z.'s date of birth and filing this document publicly would therefore defeat the purposes of the LCR 5.2 restriction.

## II. CERTIFICATION UNDER LCR 5(G)(3)(A)

Although no formal appearance has been entered on behalf of M.Z., out of an abundance of caution, counsel for plaintiff met and conferred with the Defendant and Defendant's mother by email on April 2, 2024. As of today, no response has been received.

## III. RELEVANT FACTUAL BACKGROUND

As described in greater detail in the response to the Order to Show Cause, this case involves civil claims brought by Rec Room against M.Z., who is presently a minor. The complaint was filed on October 17, 2023 [Dkt. No 1], and on October 28, 2023, summons and copy of the complaint were served on M.Z. by personal service on his mother, Olga Plotnikova. Dkt. No. 15. On March 18, 2024, the Court received and docketed a document from Ms. Plotnikova dated March 12, 2024, which Ms. Plotnikova represented contained her "son's answer to this legal claim," and which Ms. Plotnikova asked be filed "as court appearance." Dkt. No. 19.

On April 1, 2024, the Court issued an Order to Show Cause directing Rec Room to "explain under what authority M.Z. has the capacity to be sued consistent with Federal Rule of Civil Procedure 17(b)(1) and whether the Court must appoint a guardian *ad litem* under Federal Rule of Civil Procedure 17(c)(2)." Dkt. No. 20.

## IV. ARGUMENT

When considering whether to seal portions of the Court's record, a "strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The standard for determining whether to grant a motion to seal depends

MOTION TO SEAL SUPPORTING TEWSON
DECLARATION - 2
(Case No. 2:23-cv-01586-KKE)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2

upon the filing to which that the sealed document is attached. *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814JLR, 2019 WL 3082302, at *1 (W.D. Wash. July 15, 2019) (Robart, J.). Any records related to motions that are more than tangentially related to the merits of the underlying action are subject to the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); where the documents are attached to a non-dispositive motion, a "particularized showing of 'good cause'…is sufficient." *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). The response to the Order is not more than tangentially related to the merits of the action here, and the document may be sealed provided good cause is shown. but in any event the compelling reasons standard is met here.

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: `the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

MOTION TO SEAL SUPPORTING TEWSON
DECLARATION - 3
(Case No. 2:23-cv-01586-KKE)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2

Here, there is a compelling reason to seal Ms. Tewson's Declaration. In enacting LCR 5.2, the Court has recognized that dates of birth are sensitive information that should not ordinarily be disclosed in unredacted form. Here, filing M.Z.'s date of birth is necessary, and sealing of the unredacted document is therefore required. In addition, the information in Ms. Tewson's declaration provides the investigative techniques she utilized to obtain this information. As these techniques rely heavily on public source information, publicly filing this information would make it relatively trivial for someone to duplicate Ms. Tewson's approach and find the information for themselves. This would render both sealing and redaction futile.

Further, there are no less restrictive alternatives here to sealing. Rec Room has limited the amount of sensitive information it has presented in the response and the supporting declaration, but necessarily must provide the Court with sufficient information to answer the questions raised in the Order to Show Cause. Redaction, although normally sufficient, does not provide sufficient protection in this case.

In particular, Rec Room seeks to seal the following:

| **Filing** | **Page/Lines** | **Compelling Reason** |
|---|---|---|
|  |  |  |
| Tewson Declaration | Entirety of the Declaration | Information that would permit the public to locate information protected by LCR. 5.2 |

## V. CONCLUSION

For all of the above reasons, Rec Room's Motion to Seal should be granted.

MOTION TO SEAL SUPPORTING TEWSON
DECLARATION - 4
(Case No. 2:23-cv-01586-KKE)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2

DATED this 19th day April, 2024.

I certify that this pleading contains 949 words, in compliance with the Local Civil Rules.

*/s/ Brian W. Esler*
Brian W. Esler, WSBA No. 22168
*/s/ Lorien Giles*
Lorien Giles, WSBA No. 58995
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel:  (206) 624-8300
Fax:  (206) 340-9599
Email:  brian.esler@millernash.com
            Lorien.giles@millernash.com

Attorneys for Plaintiff Rec Room, Inc.

Akiva M. Cohen (pro hac vice admittance)
Mike Dunford (pro hac vice admittance)
Dylan M. Schmeyer (pro hac vice admittance)
Kamerman, Uncyk, Soniker & Klein, P.C.
1700 Broadway, 16th Floor New York, NY 10019
719-930-5942
Email: acohen@kusklaw.com
            mdunford@kusklaw.com
            dschmeyer@kusklaw.com

Attorneys for Rec Room, Inc.

MOTION TO SEAL SUPPORTING TEWSON
DECLARATION - 5
(Case No. 2:23-cv-01586-KKE)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the parties and to the following:

**Defendant M.Z.**
c/o Olga Plotnikova
Email: oplotnikova@gmail.com

(Per Jan. 25, 2024 agreement to accept email service)

DATED this 19th day of April, 2024.

                                                                          */s/ Kristin Martinez Clark*
                                                                          Kristin Martinez Clark

CERTIFICATE OF SERVICE - 1
(Case No. 2:23-cv-01586-KKE)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4874-6128-2231.2