UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC ROOM INC,<br>                Plaintiff,<br>   v.<br>M.Z.,<br>                Defendant. | CASE NO. C23-1586-KKE<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiff's motion to seal the declaration of Kathryn Tewson.  Dkt. No. 24.  For the following reasons, the Court grants Plaintiff's motion.

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g).  "[T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up).  The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case."  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016).  If the records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal.  *See id*.  If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause."  *See id*.  The Tewson declaration

explains the investigation into M.Z.'s birthdate and must only meet the good cause standard to be sealed.

There is good cause to seal this document because this District recognizes the strong privacy interests of minor children and birthdates. *See* LCR 5.2(a) (requiring redaction of the month and date of birthdates the names of minor children). Not only does the Tewson declaration include both of these pieces of information, but the declaration also describes how to find this information. Thus, there is good cause to seal the entire declaration.

Plaintiff has also satisfied this District's requirements for filing a motion to seal. A motion to seal a document must include: "[a] certification that the party has met and conferred with all other parties[,]" and "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: … the legitimate private or public interests that warrant the relief sought; … the injury that will result if the relief sought is not granted; and … why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(A)–(B). First, Plaintiff provided evidence of its unsuccessful attempts to meet and confer about this motion to seal. Dkt. No. 26 at 5. Second, Plaintiff's motion to seal identifies the relevant legal standard, the risks associated to M.Z.'s privacy without sealing the declaration, and the lack of less restrictive means to protect this privacy interest. Dkt. No. 24 at 4.

Accordingly, the Court GRANTS Plaintiff's motion to seal the declaration of Kathryn Tewson. Dkt. No. 24. The Tewson declaration (Dkt. No. 25) shall remain under seal until further order of this court.

Dated this 24th day of April, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO SEAL - 2