1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

REC ROOM INC ,

                Plaintiff(s),

v.

M.Z.,

                Defendant(s).

CASE NO. 2:23–cv–01586–KKE

ORDER SETTING JURY TRIAL DATE AND RELATED DATES

Having reviewed the Joint Status Report and Discovery Plan submitted by the parties, the Court hereby sets this case for trial and orders the following pretrial schedule:

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 09:30 am on | **10/14/2025** |
| Length of trial | 7 days |
| Deadline for joining additional parties | 1/6/2025 |
| Deadline for filing amended pleadings | 1/6/2025 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 3/18/2025 |
| All motions related to discovery must be filed by | 4/17/2025 |
| Discovery must be completed by | 5/19/2025 |

| | |
|---|---|
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than 28 days after this date (*see* LCR 7(d)). | 6/16/2025 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 8/15/2025 |
| All motions in limine must be filed by | 9/9/2025 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 9/23/2025 |
| Trial briefs, proposed voir dire questions, and deposition designations due | 9/30/2025 |
| Pretrial conference scheduled at 10:00 am on | 10/6/2025 |

All other dates are specified in the Local Civil Rules. The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Courtoom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov in writing within ten (10) days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

### PROCEDURE FOR DISCOVERY DISPUTES

As required by LCR 37(a), all discovery matters are to be resolved by agreement if

possible. If agreement is not possible, prior to the filing of any discovery motions, the Court directs the parties to request a conference with the Court. *See* Fed. R. Civ. P. 16(b). The movant must submit a joint statement to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages and shall be filed via CM/ECF. Thereafter, the movant should contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov to schedule a conference.

## EXHIBITS

Counsel are directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as detailed below. The parties must deliver two copies of their respective trial exhibits to Courtroom Deputy Diyana Staples seven days before the trial date. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff(s)' exhibits shall be numbered consecutively beginning with 1; Defendant(s)' exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three–ring binder with appropriately numbered tabs.

In addition, no later than seven days before the trial date, the parties should send an electronic copy of all exhibits in .PDF format with Optical Character Recognition ("OCR") searchable text to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The parties should notify the Court of any physical objects or files that cannot be transmitted electronically. Exhibits must be marked as described above, and the following protocols also apply: (1) Electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters, e.g., Ex. 1 – Accident Scene Photo; Ex. 501 – Email dated 4–03–23.

## PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court:

- Dates of Birth – redact to the year of birth, unless deceased.
- Names of Minor Children – redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers – redact in their entirety.
- Financial Accounting Information – redact to the last four digits.
- Passport Numbers and Driver License Numbers – redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

## COMMUNICATIONS WITH CHAMBERS

Parties should direct initial inquiries to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under LCR 7(b)(5) or settlement are strongly discouraged. For any other types of inquiries, all parties must be copied on the email when communicating with the courtroom deputy.

## COURTESY COPIES

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court request. If a party believes that courtesy copies may be helpful, such as for complex graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be the version of the document with the header generated by CM/ECF, as this header includes important

information (*i.e.*, case number, document number, page number, date filed, etc.). Courtesy copies shall be printed and double-sided. Courtesy copies should be three-hole punched, tabbed, and placed in a binder or otherwise bound.

## CROSS-MOTIONS

The Court encourages parties filing cross-motions to agree to an alternate briefing schedule allowing for four briefs (one cross-motion, second cross-motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross-motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

## *IN CAMERA* REVIEW

If the Court orders a party to submit documents for *in camera* review, the party shall send an electronic copy of the documents to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The party shall also deliver a physical copy of the documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

## ORAL ARGUMENTS

The Court will generally grant requests for oral arguments and will also generally grant requests for status or scheduling conferences. While the Court prefers to hold arguments in person, particularly on motions, the Court will consider requests for remote hearings.

The Court also encourages opportunities for junior attorneys and Rule 19 licensed legal interns to appear and to argue in Court, accompanied and supervised by a more experienced attorney. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

All requests pertaining to oral argument should be submitted via email to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov.

## SCHEDULING

To aid in parties in drafting requests for scheduling continuances, the Court's preferences regarding case scheduling are listed here. Please contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov before requesting a continuance of a trial date to a future date certain to ensure the Court's availability. Please note the Court requires approximately 120 days between the deadline for filing dispositive motions and the trial date. Stipulated motions proposing a schedule that does not comply with this requirement will be denied.

## SETTLEMENT

If this case settles, counsel shall notify Diyana Staples via email at Diyana_Staples@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions.

Dated this 10th day of September 2024

.

*[signature]*

Honorable Kymberly K. Evanson
United States District Judge